IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN LATHAM and NICHOLETTE LATHAM, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL NO. 07-713-GPM<br>) |
| EDELBROCK CORPORATION, | )<br>) |
| Defendant/Third-Party Plaintiff, | )<br>) |
| vs. | )<br>) |
| NAC'S RADICAL RACING, INC., | )<br>) |
| Third-Party Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This case, in which Plaintiffs Brian Latham and Nicholette Latham assert claims for strict products liability and negligence based on failure to warn and breach of the implied warranty of fitness for a particular purpose, as well as loss of consortium, in connection with a crash of an all-terrain vehicle ("ATV") caused by an allegedly defective carburetor manufactured by Defendant Edelbrock Corporation ("Edelbrock"), is before the Court on Mr. and Mrs. Latham's motion in limine (Doc. 103). Mr. and Mrs. Latham seek to exclude in limine various kinds of arguments and evidence concerning assumption of risk, including: arguments that bending the actuator strip in the carburetor by Mr. Latham while handling the carburetor's slide mechanism is unforeseeable misuse and an assumption of risk; arguments that changing the needle in the carburetor without first removing the torx-head screw from the actuator strip could constitute

assumption of risk by Mr. Latham; arguments that any alleged failure by Mr. Latham in general to follow instructions in the manual that accompanied the carburetor could constitute assumption of risk; arguments that ATV racing or riding an ATV in general is dangerous, and in and of itself constitutes assumption of risk; and arguments that after Mr. Latham's carburetor stuck and his ATV failed to decelerate immediately before crashing, Mr. Latham's failure to brake promptly or to kill his engine promptly or to jump off the ATV promptly, or other such criticisms of the actions taken by Mr. Latham shortly before the crash constitute assumption of risk.

In addition to seeking to exclude in limine evidence concerning assumption of risk, Mr. and Mrs. Latham seek to exclude: arguments that after Mr. Latham's carburetor stuck and his ATV failed to decelerate immediately before crashing, Mr. Latham failed to brake promptly or to kill his engine promptly or to jump off the ATV promptly, or other such criticisms of the actions taken by Mr. Latham shortly before the crash; witnesses not qualified as experts in technical writing giving opinions that instructions in the manual accompanying Mr. Latham's carburetor about how to change a needle in the carburetor's slide assembly constitute sufficient warnings so as to make the carburetor a safe product; lay witnesses being asked and giving opinions about whether they believe that if a person fails to follow directions that such failure could lead to equipment malfunctioning, and that this malfunctioning then could lead to loss of control; lay witnesses being asked what they knew about not damaging components when working on a machine and about whether if they break parts while working on a machine such action could lead to a malfunction of the machine, and being asked if such knowledge would constitute "common sense"; Edelbrock's expert witness Florence Cone, a metallurgist, testifying that "discoloration" in the interior of Mr. Latham's carburetor was contamination caused by dirt that was sufficient to cause the carburetor to stick; arguments that any

duties Edelbrock owed to users of its products under a strict products liability theory and any implied warranties were disclaimed effectively; arguments that Edelbrock effectively disclaimed the implied warranty of fitness for a particular purpose in connection with Mr. Latham's carburetor; arguments that any waivers signed by Mr. Latham or Mrs. Latham in favor of SEMO Raceway, SRP Promotions, Billy Clayton, or Third-Party Defendant Nac's Radical Racing, Inc. ("Nac's"), should accrue to Edelbrock; witnesses not qualified as experts in technical writing offering opinions that a statement in the instructions that accompanied Mr. Latham's carburetor entitled "Thumb Throttle Installation Instructions," which says, "NOTE: Failure to follow these and/or carburetor installation instructions may result in loss of control of ATV and possible injury," constitute a sufficient warning making the carburetor safe; and opinion testimony by Edelbrock's expert witnesses Stephen Young and Florence Cone to the effect that warnings in instruction manuals are not necessary because consumers tend to ignore such warnings.

 Turning first to the matter that is chiefly in dispute between the parties with respect to Mr. and Mrs. Latham's motion in limine, assumption of risk, the Court agrees with Mr. and Mrs. Latham that the evidence and arguments at issue do not rise to the level of showing that Mr. Latham voluntarily and unreasonably proceeded to encounter a known danger. *See Williams v. Brown Mfg. Co.*, 261 N.E.2d 305, 312 (Ill. 1970); *Cleveringa v. J.I. Case Co.*, 595 N.E.2d 1193, 1208-09 (Ill. App. Ct. 1992). However, under 735 ILCS 5/2-1116, as that statute is interpreted by the United States Court of Appeals for the Seventh Circuit, Edelbrock is entitled to present to the jury any evidence it has regarding Mr. Latham's contributory fault and to have the jury instructed regarding comparative fault. *See Tidemann v. Nadler Golf Car Sales, Inc.*, 224 F.3d 719, 725-26 (7th Cir. 2000) (citing *Freislinger v. Emro Propane Co.*, 99 F.3d 1412, 1417

(7th Cir. 1996)). The Court is aware that, in the view of Mr. and Mrs. Latham's counsel, both *Tidemann* and *Freislinger* incorrectly interpret Illinois law. However, the Court is not entirely convinced that this is the case, *see Sobczak v. General Motors Corp.*, 871 N.E.2d 82, 98 (Ill. App. Ct. 2007); *Gratzle v. Sears, Roebuck & Co.*, 613 N.E.2d 802, 804-05 (Ill. App. Ct. 1993), and, in any event, the Court is bound, of course, by the interpretations of Illinois law handed down by the Seventh Circuit Court of Appeals. *See United States v. Krilich*, 178 F.3d 859, 861 (7th Cir. 1999); *York v. Globe Life & Accident Ins. Co.*, 734 F. Supp. 340, 343 (C.D. Ill. 1990); *Barr Co. v. Safeco Ins. Co. of Am.*, 706 F. Supp. 616, 618 (N.D. Ill. 1989).[1] Accordingly, the portion of Mr. and Mrs. Latham's motion in limine pertaining to evidence and argument regarding Mr. Latham's contributory fault is **DENIED**.

Turning then to the remaining categories of evidence and argument sought to be excluded in limine by Mr. and Mrs. Latham, the Court agrees with Mr. and Mrs. Latham that the various categories of non-expert or lay opinion testimony sought to be excluded in the motion would not be helpful to the trier of fact and accordingly the motion in limine is **GRANTED** as to those categories of non-expert or lay opinion testimony. Mr. and Mrs. Latham's request for exclusion in limine of certain opinion testimony of Edelbrock's expert witnesses Stephen Young and Florence Cone is **DENIED**, as the opinion testimony at issue is within the expertise of those witnesses. Mr. and Mrs. Latham's request for exclusion in limine of evidence and argument that Edelbrock effectively

---

1. To borrow, in somewhat modified form, a maxim of St. Ignatius Loyola, the founder of the Society of Jesus, about the infallibility of the Roman Church, "That we may be altogether of the same mind and in conformity with the [Seventh Circuit Court of Appeals] herself, if she shall have defined anything to be black which appears to our eyes to be white, we ought in like manner to pronounce it to be black." Ignatius Loyola, Spiritual Exercises, Rule 13, *in* Documents of the Christian Church 260 (Henry Bettenson ed., 2d ed. 1963).

disclaimed legal duties or implied warranties is **GRANTED**, as these are questions of law for the Court.  Mr. and Mrs. Latham's request for exclusion in limine of evidence and argument concerning waivers signed by Mr. Latham or Mrs. Latham in favor of SEMO Raceway, SRP Promotions, Billy Clayton, or Nac's is **GRANTED**.

    **IT IS SO ORDERED.**

    DATED:  September 26, 2009

                                        /s/ G. Patrick Murphy  
                                        G. PATRICK MURPHY  
                                        United States District Judge