IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN LATHAM and NICHOLETTE LATHAM, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 07-713-GPM ) |
| EDELBROCK CORPORATION, | ) ) |
| Defendant/Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| NAC'S RADICAL RACING, INC., | ) ) |
| Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case, in which Plaintiffs Brian Latham and Nicholette Latham assert claims for strict products liability and negligence based on failure to warn and breach of the implied warranty of fitness for a particular purpose, as well as loss of consortium, in connection with a crash of an all-terrain vehicle ("ATV") caused by an allegedly defective carburetor manufactured by Defendant Edelbrock Corporation ("Edelbrock"), is before the Court on Edelbrock's motion in limine (Doc. 105). In the motion Edelbrock makes twenty-four requests for the exclusion of evidence and argument before trial in this cause, asking the Court to: (1) exclude witnesses other than parties from the courtroom and keep them separated; (2) exclude evidence of liability insurance; (3) exclude evidence of the relative wealth or poverty of the parties; (4) prohibit arguments based on the value of pain and suffering placed in monetary terms and measured in units of time;

(5) exclude evidence of settlement negotiations between the parties; (6) exclude expert opinions inconsistent with the facts known or opinions disclosed in discovery; (7) exclude testimony of witnesses not disclosed in discovery; (8) exclude references to alleged violations of statutes not specifically cited in Mr. and Mrs. Latham's complaint; (9) exclude conclusory opinion testimony and testimony constituting a legal conclusion; (10) exclude testimony about lost profits or lost earnings not based upon a fair degree of probability; (11) exclude testimony that Mr. Latham sustained a permanent injury absent competent medical evidence that he was recently examined; (12) prohibit the reading of or playing video of deposition testimony that Edelbrock has objected to without first receiving a ruling from the Court; (13) exclude statements made on videotape during the videotaped inspections of Mr. Latham's carburetor; (14) exclude claims of damages to Mr. Latham due to loss of an ATV racing career; (15) exclude testimony by Mr. and Mrs. Latham's expert witnesses Michael Morris and David Gilbert regarding warnings; (16) exclude evidence about Mr. and Mrs. Latham's family position, including the fact that they have two small children; (17) exclude testimony by Mr. and Mrs. Latham's expert rebuttal witness Nathan Dorris; (18) exclude testimony about warnings by Thomas Durfur; (19) exclude testimony by Salvador Estanislao about the existence of a dangerous condition in Mr. Latham's carburetor; (20) exclude testimony by Billy Clayton about Mr. Latham's carburetor not fitting his ATV correctly; (21) exclude testimony that the failure of Mr. Latham's carburetor was due to a design defect or manufacturing defect; (22) exclude mention of possible ways the actuator strip in Mr. Latham's carburetor was bent absent evidence it may have been bent in that manner; (23) exclude testimony by Mr. and Mrs. Latham's children; and (24) exclude photographs of Mr. Latham's surgical scar that do not represent the present state of the scar.

The Court rules as follows on Edelbrock's requests for exclusion of evidence and arguments in limine. Edelbrock's in limine request (1) is **GRANTED**, except as to expert witnesses. *See* Fed. R. Evid. 615. Edelbrock's in limine requests (2), (5), and (14) are well taken and are not opposed and therefore they are **GRANTED**. *See* Fed. R. Evid. 411. Edelbrock's in limine request (3) is **GRANTED**. *See Adams Labs., Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985) (holding that statements which appeal to jurors' sympathy by comparing the wealth of the parties are improper). Edelbrock's in limine request (4) is **DENIED**. *See Waldron v. Hardwick*, 406 F.2d 86, 89 (7th Cir. 1969) (holding that unit-of-time arguments are permissible if made subject to suitable cautionary instructions and other appropriate safeguards as necessary). Edelbrock's in limine requests (6), (7), (9), (10), (12), and (22) concern matters that already are addressed by legal rules binding on the parties such as the Federal Rules of Civil Procedure and the Federal Rules of Evidence and therefore Edelbrock's in limine requests (6), (7), (9), (10), (12), and (22) are **DENIED**. *See Wells Fargo Bank, N.A., v. Siegel*, No. 05-C-5635, 2007 WL 1118442, at *3 (N.D. Ill. Apr. 16, 2007) (noting that a request that the parties to a case follow rules that already are binding on them is not an appropriate subject for a motion in limine). Edelbrock's in limine requests (8), (11), and (24) simply have no basis in law and therefore are **DENIED**. Edelbrock's in limine requests (15) and (17) are not well taken because Mr. and Mrs. Latham's expert witnesses Michael Morris and David Gilbert are competent to testify about warnings and the Court already has ruled in its order entered in this case on July 28, 2009, that Nathan Dorris may testify in this case as an expert rebuttal witness for Mr. and Mrs. Latham, and therefore Edelbrock's in limine requests (15) and (17) are **DENIED**. The Court also ruled in its July 28 order in this case that Mr. and Mrs. Latham cannot maintain a claim against Edelbrock for

negligent manufacture of the carburetor alleged to have caused Mr. and Mrs. Latham's injuries, and therefore Edelbrock's in limine request (21) is **GRANTED**.  Finally, the Court declines to rule before trial on Edelbrock's in limine requests (13), (16), (18), (19), (20), and (23) and prefers to rule on the admissibility of the subject evidence at trial; accordingly, Edelbrock's in limine requests (13), (16), (18), (19), (20), and (23) are **DENIED**.  *See Juracek v. City of O'Fallon, Ill. Police Dep't*, Civil No. 05-787-GPM, 2007 WL 3407367, at \*\*2-3 (S.D. Ill. Nov. 14, 2007) (where the inadmissibility of evidence is not clear before trial, the better practice is to address questions of the admissibility of the subject evidence at trial).

    **IT IS SO ORDERED.**

    DATED: September 26, 2009

    /s/ G. Patrick Murphy
    G. PATRICK MURPHY
    United States District Judge