IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN LATHAM and NICHOLETTE LATHAM, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | CIVIL NO. 07-713-GPM |
| EDELBROCK CORPORATION, ) ) | |
| Defendant/Third-Party Plaintiff, ) ) | |
| vs. ) ) | |
| NAC'S RADICAL RACING, INC., ) ) | |
| Third-Party Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case, in which Plaintiffs Brian Latham and Nicholette Latham assert claims for strict products liability and negligence based on failure to warn and breach of the implied warranty of fitness for a particular purpose, as well as loss of consortium, in connection with a crash of an all-terrain vehicle caused by an allegedly defective carburetor manufactured by Defendant Edelbrock Corporation ("Edelbrock"), is before the Court on Edelbrock's supplemental motion in limine (Doc. 110) and the motion to strike Edelbrock's supplemental motion in limine brought by Mr. and Mrs. Latham (Doc. 112). As Mr. and Mrs. Latham point out in their motion to strike, Edelbrock's supplemental motion in limine is untimely. Also, Edelbrock's motion has no merit. In the motion Edelbrock seeks the exclusion of opinion testimony of Professor Nathan T. Dorris, a safety engineer designated by Mr. and Mrs. Latham as an expert rebuttal witness, and an exemplar

carburetor designated by Mr. and Mrs. Latham as trial exhibit 2 in their pretrial disclosures. *See* Doc. 101-2 at 1. Concerning the testimony of Professor Dorris, in the order the Court entered on July 28, 2009, denying a motion by Edelbrock to bar Professor Dorris's testimony, the Court held that Professor Dorris may testify as an expert rebuttal witness as the need for his testimony may arise. *See* Doc. 96 at 10-12. That order is the law of the case, *see Morisch v. United States*, Civil No. 07-145-GPM, 2009 WL 2567869, at *1 (S.D. Ill. Aug. 18, 2009) (citing *Morrison v. YTB Int'l, Inc.*, Civil Nos. 08-565-GPM, 08-579-GPM, 2009 WL 2244724, at *2 (S.D. Ill. July 20, 2009)), and the Court does not wish to revisit in the future with Edelbrock's counsel the subject of the admissibility of Professor Dorris's testimony on rebuttal. Whether or not Professor Dorris has specific experience with the subject of warnings as to carburetors goes, of course, to the weight and not the admissibility of his testimony. *See, e.g., Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 81-82 (2d Cir. 1997) (an expert is not precluded from testifying merely because he or she does not possess experience tailored to the precise product or process that is the subject matter of a case, provided that the expert is testifying within the general area of his or her expertise). As to exclusion of the exemplar carburetor, this evidence clearly is relevant, and at trial Edelbrock can explore the subject of whether the exemplar carburetor has been materially altered. Edelbrock's supplemental motion in limine (Doc. 110) is **DENIED** and Mr. and Mrs. Latham's motion to strike Edelbrock's supplemental motion (Doc. 112) is **DENIED as moot**.

    **IT IS SO ORDERED.**

    DATED: September 26, 2009

                                        /s/ G. Patrick Murphy
                                        G. PATRICK MURPHY
                                        United States District Judge